IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KINGVISION PAY-PER-VIEW, LTD, )
                              )
        Plaintiff,             )
                              )
    v.                         )
                              )
LOUIS LARDO, individually and  )
d/b/a Lou's Little Corner Bar; )  Civil Action No. 10-cv-0059
Lou's Little Corner Bar,       )
Inc., an unknown business      )
entity d/b/a Lou's Little      )
Corner,                        )
                              )
        Defendants.            )
                              )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                August 25, 2010

This is an action brought pursuant to the Communications Act of 1934, 47 U.S.C. § 605 et seq., and the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, et seq. Plaintiff Kingvision Pay-Per-View ("Kingvision") alleges that defendants have violated its rights as exclusive commercial domestic distributor of a televised fight by intercepting, publishing and converting its property at their bar located in Pittsburgh, Pennsylvania.

Pending before the court is Kingvision's motion for default judgment [Doc. No. 12]. Kingvision requests $110,000.00 in damages for violation of 47 U.S.C. 605(e)(3)(B)(iii) and (3)(C)(i)&(ii), and $900.00 for conversion.

For the reasons to follow, the court will grant

U.S.C. §605(e)(3)(B)(iii) and (c)(i)&(ii).[2]  Specifically, Kingvision requests $10,000 in statutory damages pursuant to 47 U.S.C. §605(e)(3)(c)(i), $100,000 in enhanced damages pursuant to 47 U.S.C. 605(e)(3)(C)(ii), $900 for conversion, and attorneys' fees and costs pursuant to 47 U.S.C. § 605 (e)(3)(B)(iii).[3]

II. DISCUSSION

1. Jurisdiction

When entry of default judgment is sought, "the district court has 'an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" D'Onofrio v. Il Mattino, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) (quoting Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986)). Here, the court is satisfied that it has both personal and subject matter jurisdiction. Lou's is located and has its principal place of business in Pittsburgh, Pennsylvania. Defendants are averred to be owners and operators of the bar; all were properly served in Pennsylvania. [Doc. Nos. 8 & 9]. Subject matter jurisdiction is

---

[2] Kingvision's motion is brought solely under 47 U.S.C. § 605. A court is not permitted to award damages under both 47 U.S.C. § 553 and 605 for a single illegal transmission. J&J Sports Productions, Inc. v. Potions Bar & Lounge, Inc., No. 08-1825, 2009 WL 763624, at *4 (E.D.N.Y. Mar. 23, 2009).

[3] However, Kingvision does not request a specific amount of attorneys fees or costs.

4

proper as the suit is brought pursuant to 47 U.S.C. §§ 553 and 605. See 28 U.S.C. § 1331.

2. Default Judgment

Federal Rule of Civil Procedure 55 governs the entry of default judgment. Fed. R. Civ. P. 55(b)(2). "Default judgment is generally disfavored because it prevents resolution of a plaintiff's claims on the merits." Kingvision Pay-Per-View Ltd. v. Wise, No. 05-4140, 2006 WL 91300, at *1 (D.N.J. Jan. 13, 2006). Therefore, when considering a motion for default judgment, a court must exercise sound judicial discretion. Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988).

Once default judgment is entered, "it generally is treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded and is given the same effect as between the parties as a judgment rendered after a trial on the merits." Wise, 2006 WL 91300, at *1 (citing 10 Wright et al., Federal Practice and Procedure, § 2684 at 419-20). In other words, when defendant is in default, the court treats all pleadings and allegations of plaintiff as true. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Based on this standard, the court will grant Kingvision's request and enter default judgment against defendants. The complaint establishes the elements of liability under both 47

U.S.C. § 553 (liability for unauthorized intercepting, receiving or assisting in receiving any communication over a cable system), and 47 U.S.C. § 605 (interception of radio/satellite communications). Thus, by failing to respond, defendants have admitted that they illegally intercepted or received the scrambled transmission of the boxing match. The only question that remains is the calculation of damages.[4]

### 3. Calculation of damages

#### A. Statutory Damages

Under the statute, an aggrieved party may elect to receive either actual or statutory damages. Section 605 provides for statutory penalties "for each violation of subsection (a) of this section ... in a sum of not less than $1,000 or more than $10,000, as the court considers just ...." 47 U.S.C. § 605(e)(3)(C)(i)(II).[5] The decision of how much to award is within

---

[4]
Unlike allegations pertaining to liability, allegations in connection with damages are not deemed admitted in the context of a default judgment. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). Therefore, Kingvision must still prove damages, either through an evidentiary hearing or through the submission of "reasonably detailed affidavits and a memorandum of law." Potions Bar & Lounge, 2009 WL 763624, at *5. Here, based on Kingvision's extensive submissions, the court can make an informed decision regarding damages without the need for an evidentiary hearing.

[5]
Most cases applying this statute in a commercial context have interpreted the showing of an event on a single night

the discretion of the court. J&J Sports Productions, Inc., v. Potions Bar & Lounge, Inc., No. 08-1825, 2009 WL 763624, at *6 (E.D.N.Y. Mar. 23, 2009). Here, Kingvision has requested the maximum statutory amount of $10,000 in damages.

In similar cases, courts have calculated damages based on the profits obtained by defendant or the amount of licensing fee that the plaintiff was deprived of. Kingvision Pay-Per-View, Ltd. v. Jasper Grocery, 152 F. Supp. 2d 438, 442 (S.D.N.Y. 2001). Other courts have awarded a flat sum for each violation. Kingvision Pay-Per-View, Ltd. v. Gutierrez, 544 F. Supp. 2d 1179, 1184 (D. Colo. 2008).

This court finds that the second method for calculating statutory damages is appropriate in this case. Mr. Mauro observed 25 people in the restaurant that night, even though the capacity of the bar is 60. A damage award based on only 25 people "may do little to prevent such unlawful conduct in the future." Id. at 1184. Moreover, it does not fully represent the harm to Kingvision, because Kingvision's sublicensing fee is based on the capacity of the establishment, not the number of patrons on a given night. While there needs to be some proportionality between the

---

as one violation. See, e.g., Potions Bar & Lounge, 2009 WL 763624, at *5; Time Warner Cable v. Taco Rapido Rest., 988 F.Supp. 107, 110-11 (E.D.N.Y. 1997). Accordingly, as Kingvision's evidence indicates that the event was illegally broadcast at Lou's on January 19, 2008, the Court calculates damages based on one violation of § 605.

7

loss suffered and the amount of statutory damages, "the calculation should be generous enough to ensure that the plaintiff is fully compensated." Jasper Grocery, 152 F. Supp. 2d at 442.

When deciding whether to award the maximum statutory penalty, courts have taken into account that "defendant broadcast the event and failed to appear in this suit . . . the use of an unlawful device, making the violations willful . . . the difficulty in detecting unlawful interception, the widespread problem of piracy, the projected loss to plaintiff, and the need for an award sufficient to deter future piracy by defendants and others." Kingvision Pay-Per-View, Ltd. v. Dosani, No. 06-1655, 2006 WL 3316988, at *2 (S.D. Tex. Oct. 22, 2006).

Taking such factors into consideration, the court concludes that a flat award of statutory damages in the amount of $3,000.00 is appropriate here. The court finds this sum sufficient to fully compensate Kingvision for the $900 it would have earned had defendants purchased a license for the event, and enough to deter defendants and others like them from engaging in such conduct again. This figure is well in excess of the probable licensing fee and it is likely more than the restaurant would have made in profits. It is also "a recognition that maximum statutory damages should be reserved for cases where there is evidence of more substantial injury to the plaintiff or profit by the defendants." Jasper Grocery, 152 F. Supp. 2d at 442.

8

B. Enhanced Damages

Kingvision also moves for enhanced damages of $100,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), which provides for additional awards of up to $100,000 for all § 605 violations. When determining whether a defendant's conduct calls for enhanced damages, the court should consider:

> 1) repeated violations over an extended period of time;
> 2) substantial unlawful monetary gains;
> 3) significant actual damages to plaintiff;
> 4) defendant's advertising for the intended broadcast of the event;
> 5) defendant's charging a cover charge or
> 6) charging premiums for food and drinks.

Gutierrez, 544 F. Supp. 2d at 1185 (quoting Kingvision Pay-Per-View, Ltd. v. Recio, No. 02-6583, 2003 WL 21383826, at *5 (S.D.N.Y. June 11, 2003)). In determining the amount of enhanced damages to award under § 605(e)(3)(C)(ii) "[t]he Court must strike a balance between deterring other incidents of piracy by these Defendants and others, and not making the award such that it will put a small business out of business." Setanta Sports North America Ltd. v. Pickford, No. 09-818, 2010 WL 2432088, at *5 (M.D. Fla. May 21, 2010) (citation omitted).

The court finds that defendants' conduct was clearly willful. Moreover, defendants have failed to file an answer to the complaint or offer any defenses for its conduct. It is also

9

unlikely that they accidently intercepted the encrypted program. See Joe Hands Promotions, Inc., v. Garcia, 546 F. Supp. 2d 383, 385 (W.D. Tex. 2008); Joe Hands Promotions, Inc., v McBroom, No. 09-276, 2009 WL 5031580, at *5 (M.D. Ga. Dec. 15, 2009) ("It is difficult for this Court to see how Defendants could have accidently intercepted and exhibited the encrypted Program; the signal had to be unscrambled by some deliberate act.") Furthermore, Kingvision's president submitted an affidavit stating that the company has experienced a serious erosion in its sales as a result of piracy of its broadcasts by unauthorized and unlicensed establishments such as defendants' bar.

At the same time, however, there is no evidence that defendants have repeatedly pirated events over an extended period of time,[6] advertised the broadcast of the match, or charged a cover charge or premium on food and drinks. Nor is there evidence that defendants derived significant profit from the event. As a result, the court finds that enhanced damages are appropriate, but that the facts do not support a $100,000 award, which would "grossly overcompensate Kingvision, and would likely put small establishments like [Lou's Corner Bar] out of business." Recio,

---

[6] Kingvision has submitted evidence that Lou's Corner Bar has been sued in federal court for a similar violation. However, that suit took place ten years ago and was voluntarily dismissed. [Doc. No. 12, Ex. 4]. Therefore, the court does not find that Lou's has engaged in repeated violations of the statute over an extended period of time.

10

2003 WL 21383826, at *5.

However, the question remains as to how much to award. On similar facts, the District Court of Colorado awarded Kingvision $15,000 in enhanced damages, finding that "such an award, treble the principal damages, adequately addresses the willfulness of Defendants' illegal conduct; should serve as a deterrent for future violations; and recognizes that it is only fifteen percent of the statutory maximum since no 'aggravating' factors exist." Gutierrez, 544 F. Supp. 2d at 1185. Other courts have similarly awarded enhanced damages equal to treble the statutory damages. See Pickford, 2010 WL 2432088, at *5 (awarding enhanced damages of $3,450 (3 x statutory damages of $1,150)).

Here, the court declines to award Kingvision the maximum enhanced damages award of $100,000. The court also finds that awarding no enhanced damages would be inappropriate in light of defendants' willful conduct. Therefore, the court will award enhanced damages of $9,000, treble the statutory amount.

C. Conversion

Kingvision also moves the court for an award of $900, presumably the amount defendants avoided paying by unlawfully intercepting the transmission. However, "[c]ourts have not allowed recovery for claims of conversion as they would not exceed those under §§ 553 or 605 and would result in double recovery." J&J

Sports Prods., Inc. v. Quattrocche, No. 09-3420, 2010 WL 2302353, at *1 (D. Md. June 7, 2010) (citing J&J Sports Prods., Inc. v. J.R.'Z Neighborhood Sports Grille, Inc., No. 09-03141, 2010 WL 1838432, at *2 (D.S.C. 2010); Columbia Cable TV Co., Inc. v. McCary, 954 F. Supp. 124, 129 (D.S.C. Apr. 5, 1996)). Thus, the court will not consider awarding damages under Kingvision's conversion claim.

D. Attorneys' fees and costs

Finally, Kingvision moves the court for attorneys' fees and costs. Plaintiff is entitled to an award of reasonable attorneys fees and costs by right under § 605(e)(3)(B)(iii). Kingvision Pay-Per-View, Ltd. v. Backman, 102 F. Supp. 2d 1196, 1199 (N.D.Cal. 2000) (citing TCI Cablevision of New England v. Pier House Inn, Inc., 930 F.Supp. 727, 732 (D.R.I. 1996)). However, Kingvision does not offer any dollar amount or additional support for why attorneys' fees should be included. Like the courts in J & J Sports Productions, Inc. v. Ro, No. 09-2860, 2010 WL 668065, at *4 (N.D. Cal. Feb. 19, 2010) and Kingvision Pay-Per-View, LTD. v. Backmun, 102 F. Supp. 2d 1196, 1199 (N.D. Cal. 2000) (both default judgments brought by the same attorney as in this case), the court "is wary of granting unreasonable fees for similar work done in ... virtually identical cases where seemingly boiler-plate pleadings are utilized." Backmun, 102 F. Supp. 2d at 1199.

12

Therefore, the court will order Kingvision to submit an itemized list of attorneys' fees detailing the actual time expended by task, and the hourly rate charged.

III. Conclusion

In conclusion, the court will grant Kingvision's motion for default judgment, and award $12,000 in statutory and enhanced damages under 47 U.S.C. 605(e)(3)(C)(i) and (ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KINGVISION PAY-PER-VIEW, LTD, )
)
      Plaintiff, )
)
  v. )
)
LOUIS LARDO, individually and )
d/b/a Lou's Little Corner Bar;)   Civil Action No. 10-cv-0059
Lou's Little Corner Bar, )
Inc., an unknown business )
entity d/b/a Lou's Little )
Corner, )
)
      Defendants. )
)

## JUDGMENT

And now, this 25 day of August 2010, upon consideration of plaintiffs' complaint [Doc. No. 1], Motion for Default Judgment, the accompanying brief and exhibits [Doc. Nos. 12, 13 & 14], it is hereby ORDERED and ADJUDGED that the Motion is GRANTED and that the within Judgment is hereby ENTERED as to defendants. Damages are awarded to plaintiff under the following provisions of 47 U.S.C. §605:

    605(e)(3)(C)(i)     - $3,000

    605(e)(3)(C)(ii)    - $9,000.

In total, the court grants Judgment for plaintiff in the amount of $12,000.

Furthermore, plaintiff is ordered to submit an itemized list of attorneys' fees detailing the actual time expended by task, and the hourly rate charged, by September 30, 2010.

BY THE COURT:

_____, C.J.

cc: All counsel of record